UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DENNIS LEVECE MAYES** | **CIVIL ACTION NO. 3:14-cv-3500** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **OUACHITA CORRECTIONS CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

  Pro se plaintiff Dennis Levece Mayes, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 22, 2014. When he filed the complaint he was an inmate in the custody of the Louisiana Department of Corrections (DOC). He was incarcerated at the Ouachita Corrections Center (OCC) serving his Louisiana sentence and awaiting his extradition to Dallas, Texas.  He complained that the defendants OCC Warden Patrick Johnson, Captain Connie Murray, Dy. Thompson, and Lt. Breaux illegally confined him at OCC beyond his full-term release date. He prayed for his immediate transfer to the custody of the Dallas officials and for damages for each day served in OCC beyond December 5, 2014, the date plaintiff claims was his scheduled release date.  While his suit was pending initial review, he advised that he was extradited to Dallas on December 30, 2014; he is apparently still in custody awaiting trial on various charges.

  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

Plaintiff was arrested and charged with simple rape on December 5, 2012; he was booked into OCC to await trial. On November 20, 2014, he was convicted and sentenced to serve 2 years.[1] He remained incarcerated at OCC serving his Louisiana sentence. Meanwhile, authorities in Dallas County, Texas issued a fugitive warrant for his arrest on charges of aggravated sexual assault and failure to register as a sex offender.[2]

On some unspecified date, he submitted a grievance to the OCC administration claiming that since his release date on the Louisiana conviction was December 5, 2014, he should be extradited to Dallas immediately. When he did not receive a response, he contacted Dy. Thompson on December 3, December 5, and December 10; she responded that Dallas could not be contacted until DOC calculated plaintiff's time. Thereafter he corresponded with other jail administrators. However, all advised plaintiff that he could not be transferred to Dallas until the DOC calculated his sentence. He signed and mailed the instant suit on December 19, 2014; it was received and filed on December 22, 2014. Plaintiff prayed for an immediate injunction to force OCC to contact Dallas and release plaintiff to their custody; compensatory damages of $30/day and punitive damages of $1500/day for every day he remained in custody at OCC beyond December 5, 2014; and, that a federal prosecutor be assigned to investigate the illegal tactics that have resulted in plaintiff's continued detention at OCC beyond his release date.

---

[1] See http://www.opso.net/bookings/

[2] See http://www.dallascounty.org/jaillookup2/defendant_detail.do?recno=40003096-9F36-53F6-E413-43A97E409641&bookinNumber=14074220&bookinDate=1419973560000&dob=1971-08-06&lastName=MAYES&firstName=DENNIS&sex=Male&race=Black

On January 7, 2015, plaintiff submitted a Brief in Support of Complaint. He advised that he was extradited to Dallas on December 30, 2014. He agreed that his request for injunctive relief was mooted by his transfer, but he prayed for damages for each of the 17 days he was "held illegally ... [past] his full term date before contacting and releasing plaintiff to Dallas." According to plaintiff, if the defendants had timely processed and released him "either to society or Dallas then plaintiff would have not been held illegally in OCC an extra 17 days."  He further alleged that by not timely contacting Dallas, "Defendants extended the extradition process denying plaintiff a timely extradition and delaying him his right to make bond on the Dallas charges."  He concluded by claiming that OCC's faulty calculation process does not absolve the institution from their legal obligation to timely release prisoners once their sentences are complete, and therefore he is entitled to monetary compensation.

## Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Actual Injury*

A plaintiff who seeks to invoke the jurisdiction and authority of a federal court must allege an actual case or controversy. *O'Shea v. Littleton,* 414 U.S. 488, 493, 94 S.Ct. 669, 674, citing *Flast v. Cohen*, 392 U.S. 83, 94-101, 88 S.Ct. 1942, 1949-1953, 20 L.Ed.2d 947 (1968); *Jenkins v. McKeithen*, 395 U.S. 411, 421-425, 89 S.Ct. 1843, 1848-1851, 23 L.Ed.2d 404 (1969) (opinion of Marshall, J.). In other words, plaintiffs in the federal courts "must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." *O'Shea v. Littleton*, 414 U.S. at 493, quoting, *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973).

"Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *O'Shea v. Littleton*, 414 U.S. at 494 (citations omitted).

Assuming the truth of all of plaintiff's factual allegations, it is abundantly clear that he has not, nor can he allege a "real and immediate" injury resulting from the alleged 17 day delay in extraditing him to Texas. Indeed, the only injury alleged by plaintiff is his claim that the extension of the extradition process delayed "... him his right to make bond on the Dallas

charges." Plaintiff implies that he would have been able to post bond and secure his release on December 5, 2014; however, as shown above, plaintiff has been unable to bond out on the Texas charges and he remains in custody. Plaintiff offers no logical explanation to support the implication that he would have been able to post bond on December 5. His claim for relief and prayer for money damages is frivolous.

### 3. Injunctive Relief

Plaintiff initially prayed for an injunction directing the defendants to effect his extradition to Texas. While suit was pending he was in fact transferred to Dallas as requested. As noted by plaintiff, his request for injunction is now moot.

### 4. Investigation

Finally, plaintiff asked the Court to appoint a federal prosecutor to investigate the "illegal tactics to extend prisoner's time and hide LA prison population." Decisions whether to investigate, prosecute, or file criminal charges lie solely within the jurisdiction of the executive branch. The Court lacks the authority to order such an investigation. *Compare Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); see also *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 23, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE