UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DENNIS LEVECE MAYES** | **CIVIL ACTION NO. 14-3500** |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **OUACHITA CORRECTIONS CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is a civil rights Complaint filed by *pro se* Plaintiff Dennis Levece Mayes ("Mayes"), pursuant to 42 U.S.C. §1983. Mayes was previously incarcerated at the Ouachita Correctional Center ("OCC"), serving a two-year sentence for simple rape. While he was incarcerated on his Louisiana charges, a fugitive warrant issued from Dallas, Texas, on charges of aggravated sexual assault and failure to register as a sex offender. Mays brought suit against Defendants OCC Warden Patrick Johnson, Captain Connie Murray, Deputy Thompson, and Lieutenant Breaux, alleging that they illegally confined him at OCC beyond his full-term release date. He prayed for his immediate transfer to Dallas, damages of $1,500 for each day served in OCC beyond his release date, and for a federal investigation into OCC's tactics. Mayes later advised that he had been extradited to Dallas on December 30, 2014.

On April 23, 2015, Magistrate Judge Hayes issued a Report and Recommendation in which she recommended that the Court dismiss Mayes' Complaint. First, Magistrate Judge Hayes recommended that Mayes' request for injunctive relief in the nature of a transfer to Dallas be denied as moot. Second, she recommended that the Court find that it lacked authority to order a federal investigation. Third, she recommended that Mayes' request for damages be denied because he had

not shown, and could not show, that he suffered an actual injury. Mayes claims that if he had been extradited to Dallas on his release date, he would have been able to obtain a bond and could have secured his release. However, since his transfer to Dallas, Mayes has not bonded out and remains in custody. Thus, Magistrate Judge Hayes recommended that the Court dismiss Mayes' Complaint.

Mayes filed objections to the Report and Recommendation. He argues that Deputy Thompson delayed mailing his judgment or sentence to the Louisiana Department of Corrections ("DOC") for a week because she was on vacation. Because of this delay, the DOC did not provide the calculation of sentence back to the OCC for his timely release on December 5, 2014. Mayes contends that he had negotiated a deal with prosecutors in Dallas which would have permitted him to obtain a $10,000 bond (which he argues that he could have paid) or even be released on his own recognizance and also to receive a concurrent sentence on the Dallas charges. However, Mayes was not extradited to Dallas until December 30, 2014. According to Mayes, after a newly elected prosecutor came into office, his bond was set at $50,000, an amount which he could not pay.

The Fifth Circuit recognizes a cause of action arising under § 1983 for illegal detention or false imprisonment. *See Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir. 1992); *Simmons v. McElveen*, 846 F.2d 337 (5th Cir. 1988). "An individual has a federally protected right to be free from unlawful . . . detention resulting in a significant restraint in liberty and violation of this right may be grounds for suit under § 1983." *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993) (quoting *Sanders*, 950 F.2d at 278). However, under § 1983, a plaintiff has to show more than negligence to establish liability for illegal detention. *Daniels v. Williams*, 474 U.S. 327 (1986). In this case, however, Mayes' allegations only support a claim of negligence against Deputy Thompson, and he has made no allegations at all based on the individual actions of the other named

Defendants.  Thus, he cannot meet his showing under this standard.

Additionally, a prisoner may raise an issue of substantive and/or procedural due process if he is detained for a lengthy period of time before extradition.  In *Nichols v. McKelvin*, 1995 WL 241792, 52 F.3d 1067 (5th Cir. 1995), the Fifth Circuit addressed a lawsuit by a prisoner who was held for 29 days by Louisiana officials before being extradited to Texas.  The Fifth Circuit explained that "there is an outside limit on the duration that an asylum state may detain a prisoner who has waived extradition **if the asylum state has no independent charges against the prisoner**." Id. at *5 (emphasis added).  In that case, the Calcasuieu Parish Sheriff's Office notified Texas authorities on the day Nichols arrived and requested that they pick him up in 10 days, consistent with the Sheriff's 10-day extradition policy, but the Texas authorities did not do so for 29 days.  Despite the length of time he was held, the Fifth Circuit found that Nichols had no remedy under the Extradition Clause or the Due Process Clause.  The Court explained that it had previously held that "no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Id.*  The Fifth Circuit then found that Louisiana procedures under which Nichols was detained to be constitutional and also that Louisiana provides a post-deprivation remedy in the form of a tort claim for false imprisonment.  *Id.*  Thus, Nichols had no constitutional claim.

In this case, unlike in *Nichols*, Mayes was initially held on state charges in Louisiana, the asylum state, and Mayes was detained until OCC officials received an official calculation of his state sentence by DOC.  Nevertheless, even if there were no such charges, the *Nichols* decision offers persuasive authority that Mayes has no constitutional claims against Defendants.  The standard

3

procedures under which Mayes was detained are constitutional, and, like Nichols, Mayes has a post-deprivation remedy available in the form of a tort claim for false imprisonment.

Finally, even if Mayes has a valid constitutional claim, he has still failed to show an actual injury. The only "evidence" of any alleged injury is Mayes' speculation that he would have been given a $10,000 bond under the prior District Attorney's administration, but that the passage of time allowed for the election of a new District Attorney who sought a higher bond. Mayes' speculation does not constitute an actual injury, particularly where bond is set by a judge, not by the District Attorney.

For all of these reasons and those set forth in Magistrate Judge Hayes' Report and Recommendation, the Court will DISMISS WITH PREJUDICE Mayes' civil rights Complaint.

MONROE, LOUISIANA, this 28th day of May, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE